UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Aaron E. Young,                                    Case No. 3:18-cv-1132

        Plaintiff

   v.                                             MEMORANDUM OPINION
                                                   AND ORDER
Management & Training Corporation
Medical, LLC, et al.,

        Defendants

## INTRODUCTION

*Pro se* Plaintiff Aaron E. Young, a prisoner currently incarcerated at the Mansfield Correctional Institution, filed this civil rights action under 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution. He names as defendants Management & Training Corporation Medical, LLC, Management & Training Corporation, Dr. Stein, Unknown Sick Call Nurse, Unknown Medical Record Keeper, and Vickie Donahue. For the reasons stated below, I am dismissing the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## BACKGROUND

At all relevant times, Plaintiff was incarcerated at the North Central Correctional Complex (NCCC). Plaintiff alleges that defendant Management & Training Corporation (MTC) manages the daily operations at NCCC, and that defendant Management & Training Corporation Medical, LLC (MTC Medical) is a subsidiary of MTS responsible for providing medical care to prisoners at NCCC. According to the Complaint, defendant Dr. Stein is employed by MTC and MTC Medical as a physician at NCCC, and defendant Vickie Donahue is employed by MTC and MTC Medical and is

the Healthcare Administrator responsible for overseeing the medical department at NCCC. Plaintiff claims that defendants unknown nurse and unknown recordkeeper are also employed by MTC and MTC Medical. Plaintiff sues MTC and MTC Medical in their official capacities, and all other defendants in their individual capacities. (Doc. 1 at 2).

Plaintiff asserts the following factual allegations. In 2014, while incarcerated at the Correctional Reception Center (CRC), he developed a small bump in the middle of his chest that a nurse at CRC diagnosed as a keloid. In March 2016, the keloid began to grow and became painful. Defendant unknown nurse told Plaintiff she would schedule him to be seen by a doctor, but he was not seen until December 2016 by Dr. Wilson, who recommended surgical removal. Plaintiff alleges that the delay in seeing a doctor occurred because the unknown nurse did not properly note in his medical file that an appointment should be scheduled.

Later in December 2016, Dr. Wilson informed Plaintiff that her surgical recommendation was denied, and steroid injections were recommended instead. Plaintiff was to receive monthly injections beginning in January 2017, but he did not receive his first injection until March 2017, allegedly because the unknown record keeper failed to schedule an appointment. Plaintiff received a second injection in April 2017 and, after the second injection, the keloid reduced in size.

Dr. Wilson resigned from her position and Plaintiff did not receive any further injections. Plaintiff alleges defendant Donahue stated that Dr. Wilson did not note in his file that Plaintiff was to receive monthly injections, but Plaintiff claims this is not true. Plaintiff states that because he did not receive further injections, the keloid began to swell and itch and was painful.

Defendant Dr. Stein saw Plaintiff regarding the keloid in September 2017, and told Plaintiff that he would develop a treatment plan and prescribe pain medication. In November 2017, Dr. Stein informed Plaintiff that Stein and Donahue had determined that Plaintiff would not receive any further treatment for the keloid because a keloid is a cosmetic issue and Dr. Wilson should not have administered the steroid injections. Plaintiff informed Dr. Stein that the injections reduced the

2

swelling and the keloid was painful, but Dr. Stein told Plaintiff he did not care and his word was final.

Plaintiff alleges that the keloid is about two inches long on his chest, and causes pain when he is working out, playing sports, breathing heavily, or stretching, which has resulted in him becoming overweight. Plaintiff also claims that due to pain from the keloid, he sleeps sitting up in his bed or in a chair.

Plaintiff claims that MTC and MTC Medical have an unconstitutional custom and policy of delaying and denying inmates medical treatment and maintaining inadequate medical records. Plaintiff also claims that MTC and MTC Medical have a custom and policy of failing to train and supervise employees to properly maintain medical records and schedule inmates for medical appointments. Lastly, Plaintiff alleges that defendants Stein and Donahue violated his constitutional rights by failing to carry out Dr. Wilson's treatment plan and to provide him with pain medication. (*See* Doc. 1 at 3-7).

Plaintiff claims that he sought administrative remedies to no avail. Plaintiff seeks: (1) $50,000.00 each in compensatory and punitive damages from the unknown defendants; (2) $250,000.00 each in compensatory and punitive damages from defendants Stein and Donahue; and (3) $1,000,000.00 each in compensatory and punitive damages from MTC and MTC Medical. (Doc. 1 at 8).

## STANDARD OF REVIEW

I am expressly authorized to dismiss any civil action filed by a prisoner seeking relief if I conclude that the Complaint is frivolous, fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain

3

statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading liberally, and in the light most favorable to the Plaintiff. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Plaintiff brings his claim pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, Plaintiff must allege that a person acting under state law deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42 (1988). Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate medical care. Here, Plaintiff claims that Defendants failed to provide adequate medical care for his keloid in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

To demonstrate a violation of the Eighth Amendment in the context of medical treatment, Plaintiff must show that he suffered from a "serious" medical need; *and* 2) that the prison officials were "deliberately indifferent" to that need. *See Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994). The Eighth Amendment is violated only when both the objective and subjective requirements are satisfied.

"Not 'every ache and pain or medically recognized condition involving some discomfort can support [the objective component of] an Eighth Amendment claim.'" *Sarah v. Thompson,* 109 F.

4

App'x 770, 771 (6th Cir. 2004) (quoting *Gutierrez v. Peters,* 111 F.3d 1364, 1372 (7th Cir. 1997)). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citation omitted). "Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment." *Horn by Parks v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Deliberate indifference is characterized by obduracy or wantonness – it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

Prisoners are not entitled to access to medical treatment of their choice. *See Hudson*, 503 U.S. at 9. "[D]ifferences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim." *Ward v. Smith*, 100 F.3d 958, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). *See also Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003) ("[Plaintiff] and Dr. Coble clearly disagreed over the preferred medication to treat [Plaintiff's] pain. However, this difference of opinion does not support an Eighth Amendment claim.") (citing *Estelle*, 429 U.S. at 107).

> In the context of deliberate indifference claims in the Sixth Circuit:
>
> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Westlake*, 537 F.2d at 860 n.5 (internal citations omitted).

Even if Plaintiff's keloid constituted a serious medical need, Plaintiff fails to plausibly allege the subjective component of his § 1983 claim. Plaintiff was initially examined and received

5

treatment from Dr. Wilson based upon her medical judgment at the time. Dr. Stein assumed Dr. Wilson's duties after her departure. Dr. Stein saw Plaintiff in September and November 2017, and concluded that the keloid was purely a cosmetic issue and no treatment, including pain medication, was warranted. Disagreement among physicians over appropriate medical treatment does not constitute deliberate indifference. *Rhinehart v. Scutt*, 894 F.3d 721, 750-51 (6th Cir. 2018) (citing *Estelle*, 429 U.S. at 107).

Plaintiff prefers Dr. Wilson's medical judgment and disagrees with Dr. Wilson's medical judgment. But such disagreement does not support a plausible claim for deliberate indifference under the Eighth Amendment. *See Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002) (a difference of opinion between a prisoner and the prison health care provider over the adequacy of a prisoner's treatment does not amount to an Eighth Amendment claim) (citing among authority *Estelle*, 429 U.S. at 107). I am reluctant to second guess the medical judgment of a doctor and to constitutionalize a claim which sounds in state tort law. *See Martinez v. Hiland*, No. 5:13-CV-P182-GNS, 2017 WL 4799861, at *7 (W.D. Ky. Oct. 24, 2017) (decision not to provide pain medication does not amount to deliberate indifference where medical provider examined plaintiff and concluded that pain medication was not medically necessary) (citing among authority *Fox v. Brown*, No. 9.05-CV-1292 (GTS/GJD), 2009 WL 1288175, at *4 (N.D. N.Y. May 6, 2009) ("[G]iven that pain medication is ordered based upon medical judgment, a medical decision not to order pain medication (while it might give rise to negligence) cannot give rise to the sort of criminal recklessness necessary for there to be *deliberate indifference* to a serious medical need.") (citing *Estelle*, 429 U.S. at 107) (emphasis in original)), *aff'd,* No. 17-6298, 2018 WL 5779954 (6th Cir. July 18, 2018).

Plaintiff's allegations are insufficient to state a plausible claim that Dr. Stein, or any other prison doctor or member of the prison medical staff, was deliberately indifferent within the meaning

6

of the Eighth Amendment. Rather, Plaintiff's allegation is that he received medical attention, but is dissatisfied and disagrees with the treatment he received.

In the absence of a plausible underlying constitutional violation, Plaintiff has not alleged a plausible claim against any Defendant in this case under § 1983.

## **CONCLUSION**

For the reasons stated above, I am dismissing this action in its entirety under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge