UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Aaron E. Young, *pro se*,                                          Case No. 3:18-cv-1132

               Plaintiff,

    v.                                                       MEMORANDUM OPINION
                                            AND ORDER

Management & Training Corp., et al.,

               Defendants.

## I.  INTRODUCTION

On January 2, 2020, I dismissed claims brought by *pro se* Plaintiff Aaron E. Young, after

determining Young failed to state a claim upon which relief could be granted.  (Doc. No. 4).  Young

has filed a motion to alter or amend the judgment entered against him.  (Doc. No. 8).[1]  He also has

filed a motion to take judicial notice, (Doc. No. 6), and a motion to stay.  (Doc. No. 7).  For the

reasons stated below, I deny Young's motions.

## II.  BACKGROUND

Young, who is incarcerated at the North Central Correctional Complex in Marion, Ohio,

("NCCC"), filed suit against Management & Training Corporation ("MTC"), MTC Medical LLC,

and various individual defendants.  Young claims the Defendants violated his Eighth Amendment

---

[1]  Young's motion for reconsideration initially was docketed in another case Young filed against some of the same defendants he sued in this case.  (*See* Case No. 3:17-cv-2426).

rights by refusing to continue a previously-prescribed course of treatment for a keloid Young had developed on his chest.  (*See* Doc. No. 4 at 2-3).  He also alleges MTC and MTC Medical LLC have unconstitutional customs and policies of delaying and denying medical treatment, maintaining inadequate records, and failing to properly train and supervise medical staff members.  (*Id.*).  I concluded Young's allegations established only that he was dissatisfied and disagreed with the medical treatment he received, and I dismissed his claims.  (*Id.* at 5-7).

Young now seeks reconsideration of my earlier ruling.  (Doc No. 8 at 1).

### III.    STANDARD

The Federal Rules of Civil Procedure permit a party to file a motion to alter or amend a judgment within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e).  "Under Rule 59, 'a district court may alter a judgment . . . based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Gulley v. Cnty. of Oakland*, 496 F. App'x 603, 612 (6th Cir. 2012) (quoting *Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551–52 (6th Cir. 2012)).  Motions for reconsideration under Rule 59(e) are not intended to give a party "an opportunity to relitigate matters already decided . . . [or to be] a substitute for appeal." *Turner v. City of Toledo*, 671 F. Supp. 2d 967, 969 (N.D. Ohio 2009) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir.2007)).  "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (quoting *Durkin v. Taylor*, 444 F. Supp. 879 (E.D. Va. 1977)).

### IV.    DISCUSSION

#### A.    MOTIONS TO STAY AND FOR JUDICIAL NOTICE

Young moves for a stay of a decision on his motion to alter or amend the judgment against him because he may be moved from his institution to attend court proceedings related to his

criminal cases and he may not be able to respond to any rulings I make on his motion.  (Doc. No. 7).  Young offers no time frame as to when he may be required to attend court proceedings, or any explanation as to what type of response he would seek to file after I rule on his motion.  I conclude he fails to show good cause for a stay and deny his motion.  (Doc. No. 7).

Young also filed a motion to take judicial notice pursuant to Federal Rule of Evidence 201. (Doc. No. 6).  Young requests I take judicial notice of general facts about keloids, including that they may cause pain, as well as of various cases in which courts have noted keloids can be painful, have concluded they may warrant medical treatment, or have upheld plaintiffs' medical-records claims. (*Id.* at 1-5).

Young's motion lacks merit.  As an initial matter, Rule 201 permits judicial notice of "an adjudicative fact only."  Fed. R. Evid. 201(a).  Young cites various cases in which courts evaluating different facts reached the conclusions Young desires that I reach in his case.  What Young seeks, then, is judicial notice of "an aspect of legal reasoning," *United States v. Jones*, 580 F.2d 219, 222 (6th Cir. 1978), which is not a proper matter of judicial notice.  The cases Young cites do not mandate a different outcome in his case.  Further, as I discuss below, Young's arguments do not entitle him to relief.  Therefore, I deny his motion for judicial notice.  (Doc. No. 6).

### B.  MOTION FOR RECONSIDERATION

Young contends he sufficiently pled facts establishing his keloid constitutes a serious medical need and that the Defendants' withdrawal of his treatment plan constituted deliberate indifference to that medical need.  (Doc. No. 8 at 3-4, 7-8).  He also asserts I erred in dismissing his custom-and-policy claims.  (*Id.* at 5-7).

Young does not identify any intervening change in controlling law, or any caselaw which would mandate a different outcome in his case.  Instead, Young offers only his disagreement with my conclusions.  Young's arguments are not persuasive, as motions for reconsideration may not be

used as a substitute for appeal.  *Turner*, 671 F. Supp. 2d at 969.  Therefore, I deny his motion.  (Doc. No. 8).

## V.    CONCLUSION

For the reasons stated above, I deny Young's motion to alter or amend the judgment against him, (Doc. No. 8), his motion for judicial notice, (Doc. No. 6), and his motion to stay.  (Doc. No. 7).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge